UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN MITCHELL, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3296 |
| ) | |
| ) | |
| GLENN AUSTIN, et al., ) | |
|    Defendants. ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Jacksonville Correctional Center, pursues claims arising from an alleged failure to timely treat an infection caused by Methicillin Resistant Staphylococcus Aureus (MRSA). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is

1

"frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that he visited sick call on March 3, 2011 for treatment of a large "pimple" on his buttocks. The nurse told Plaintiff that the bump was a boil and that the boil would burst on its own. Six days later the boil did burst, and a culture of the draining fluid was taken. The culture came back positive for MRSA; Plaintiff was isolated and prescribed antibiotics.

Plaintiff's condition improved, but a few weeks later he began experiencing pain in his right hip. On April 6, 2011, Plaintiff visited the

sick call nurse and was told to take Ibuprofen and return in three days if his pain continued. Over the next three days Plaintiff's pain increased and Plaintiff signed up for sick call, but Nurse Ator told Plaintiff that Plaintiff would not be seen. Plaintiff persisted and was eventually able to see Nurse Ator, who admitted Plaintiff to the infirmary and put him in isolation. On April 14 and 16, 2011, Plaintiff received surgery to drain and irrigate the infection in his hip.

## ANALYSIS

Plaintiff's claim falls under the Eighth Amendment to the Constitution, which prohibits cruel and unusual punishment. In the context of medical care for prisoners, cruel and unusual punishment occurs when a Defendant is deliberately indifferent to a serious medical need of a prisoner:

> A prisoner's claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett*, 658 F.3d at 750. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." Id. at 751.

Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012).  A condition can be considered serious if, without treatment, the plaintiff suffered "'further significant injury or unnecessary and wanton infliction of pain.'" Id.  Deliberate indifference does not encompass negligence or even gross negligence.  McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). Deliberate indifference requires personal knowledge of an inmate's serious medical need and an intentional or reckless disregard of that need.  Id.; Hayes, 546 F.3d at 524.  Persons without medical training are generally entitled to rely on the diagnosis and treatment decisions of the treating medical professionals.  Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).

    Plaintiff allegations show that he had a serious medical need for treatment.  Inferring deliberate indifference is more difficult.  Dr. Wahl was Plaintiff's treating physician, but Plaintiff does not say whether Dr. Wahl was aware of the recurrence of Plaintiff's pain or of Plaintiff's

difficulty obtaining a referral to see a doctor.  Dr. Larson's involvement is not specified.  However, at this point determinations of deliberate indifference would be premature.  An Eighth Amendment claim will proceed against the prison doctors and the prison health care unit administrator.  The Court notes that Plaintiff has not named as Defendants the nurses who allegedly failed to promptly refer him to a physician.  If Plaintiff intends to pursue a claim against the nurses, he should file a motion to add them as Defendants.

    Plaintiff appears to also be pursuing a claim based on malpractice.  A malpractice claim is a state law claim.  For Plaintiff to pursue a malpractice claim under state law he needs to submit a physician's report which finds some merit to the malpractice claim.  735 ILCS 5/2-622.  If Plaintiff does intend to pursue a state law malpractice claim, he should file an amended complaint with the required report.

    No plausible federal claim arises against the rest of the Defendants.  No inference of any kind of improper conduct arises against the surgeons, and the rest of the Defendants lack the medical training to diagnose and

treat Plaintiff's condition.  *See* Greeno, 414 F.3d at 656; *see also* George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.")

    Plaintiff also appears to challenge the prison's policy of requiring an inmate to obtain a referral from the sick call nurse before seeing a doctor. He contends that he suffered needlessly because of his difficulty jumping through this hoop.  However, this policy is not unconstitutional simply because the policy was allegedly misapplied in Plaintiff's circumstance. Requiring a nurse to screen inmates wanting to see a doctor is not unconstitutional.  If a nurse fails or refuses to make a necessary referral to a doctor, a claim may arise against her individually, but that would not impugn the constitutionality of the policy as a whole.

IT IS THEREFORE ORDERED:

    1) The merit review scheduled for December 10, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Dr. Wahl, Dr. Larson, and Becky Sudbrink.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Defendants Glenn Austin, Salvador Godinez, Mike Montcalm, Mark Greene, Douglas Albracht, Sherry Benton, and Hector Garcia are dismissed for failure to state a claim against them.

4) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

5)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take

appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by

Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on February 19, 2013 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly,

no writ will issue for Plaintiff's presence unless directed by the Court.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:   December 4, 2012

FOR THE COURT:

                                                s/Sue E. Myerscough
                                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE